BEATTY, Justice.
Petition for writ of mandamus directed to the Honorable Douglas Inge Johnstone, Judge, Mobile Circuit Court, following Judge Johnstone’s denial of petitioners’ motion for a change of venue from Mobile County to Baldwin County. The writ is denied.
The issue arose from an action brought in Mobile County. The respondent here, First Southern Federal Savings and Loan Association (“FSF”), sued Lani Kai, Ltd. (an Alabama limited partnership), Milton Andrews, Dr. Frank A. Kruse, and Doris H. Nonnenmacher (executrix of the estate of Thomas G. Nonnenmacher, deceased).
The complaint was in three counts. Count One sought damages from petitioner Lani Kai, Ltd., for the nonpayment of its promissory note payable to FSF and for its breach of a “modification agreement” entered into subsequent to the execution of that note. Count Two sought damages from Lani Kai, Ltd., for money had and received. Count Three sought damages from Andrews, Kruse, and Nonnenmacher for breach of an unconditional guaranty of the indebtedness of Lani Kai, Ltd., to FSF.
Service of process was obtained over Lani Kai, Ltd., Andrews, and Nonnenmacher by personal service. Petitioner Kruse was served by certified mail, pursuant to Rule 4.2(b)(1), A.R.Civ.P., at his New Orleans, Louisiana, address.
Petitioners Lani Kai, Ltd., Andrews, and Kruse filed a motion in the Mobile Circuit Court seeking a change of venue from Mobile to Baldwin County, asserting two grounds: (1) that Lani Kai, Ltd., did not do business in Mobile County; and (2) that none of the remaining defendants resided in Mobile County. Following a hearing, Judge Johnstone denied the motion. This petition questions that denial.
In support of the motion for transfer, petitioner Andrews filed his affidavit stating that Lani Kai, Ltd., had its principal place of business in Gulf Shores, Baldwin County, and that none of the individual defendants were residents of Mobile County. The petitioners do not dispute the residence of Dr. Kruse as being in Louisiana, however. Indeed, the thrust of petitioners’ argument is based upon Dr. Kruse’s nonresident status. They argue that venue in Mobile County clearly would have been improper without Kruse because of the terms of Code of 1975, § 6-3-2(a)(2), viz.:
“All actions on contracts ... must be commenced in the county in which the defendant or one of the defendants re *314 sides if such defendant has within the state a permanent address.”
Petitioners argue:
“If the venue privilege of resident defendants can be defeated through joinder of a nonresident defendant, a nonresident plaintiff can bring suit against numerous residents and, by joining as [sic] a nonresident defendant, force resident defendants to litigate on the opposite end of the state. The better rule is that, at least as to ex contractu actions to which there has been no waiver' of venue, one who resides in the state is not to be denied the right to be sued in the county of his residence by being joined with a defendant in an ancillary matter who is not a resident of the state, although venue would be proper as to such nonresident." (Emphasis added.)
This question, however, was answered in Ex parte Cummings, Gazaway & Scott, Inc., 386 So.2d 732 (Ala.1980). That decision involved the proper venue of a suit brought in Lamar County against a Mississippi resident and several residents of Madison County. Service of process on the Mississippi resident was made by certified mail, and he made a general appearance. This Court held that, venue as to him being proper under Rule 82(b)(2), A.R.Civ.P., venue in Lamar County as to the Madison County residents was proper under Rule 82(c). For an explanation of the rationale behind this result, see Ex parte Cummings, Gazaway & Scott, supra, at 734-35.
Rule 82(b)(2) provides:
“Actions against nonresident individuals may be brought in any county of the state where such nonresident is found, or in the county where the subject of the action or portion of the same was when the claim for relief arose or the act on which the action is founded occurred or was to be performed.”
It appears that the promissory note in question was made payable in Mobile County. Thus, Lani Kai, Ltd., was to pay it in Mobile County, and the guarantors who allegedly assumed the principal’s obligation upon default were to satisfy that obligation in Mobile County. Performance, in short, was to occur in Mobile County. Thus, under Rule 82(b)(2), venue was proper in Mobile County as to Dr. Kruse, and, under Rule 82(c), venue as to the other codefendants was, therefore, also proper in Mobile County.
Accordingly, the trial court was not in error for denying the transfer. Ex parte Houston County, 435 So.2d 1268, 1271 (Ala.1983).
WRIT DENIED.
MADDOX, JONES, ADAMS and HOUSTON, JJ., concur.
TORBERT, C.J., and STEAGALL, J., dissent.